# AFFIDAVIT

Christopher Destito, being duly sworn, deposes and states as follows:

1. I am a Special Agent with the Federal Bureau of Investigation ("FBI"), and have been since 1997. I was assigned to the Drug Enforcement Administration (DEA), Vermont Drug Task Force, Burlington, Vermont Office, from 1999 to 2001 where I was responsible for complex drug distribution investigations. I have extensive experience investigating drug crimes.

2. The purpose of this affidavit is to establish probable cause to conclude that on or about January 25, 2016, JAIDEN PAIGE knowingly and intentionally distributed heroin, a schedule I controlled substance. The information presented below is based on information observed by me personally, and conveyed to me by other agents with knowledge of this investigation. Given the limited purpose of this affidavit, it does not contain everything I know about this case.

3. In or about September 2015, I spoke with a Confidential Informant ("CI"), who advised me, in sum and in substance, that the CI has known PAIGE a long period of time and has been purchasing heroin from PAIGE for approximately seven years.

4. Recently the CI has agreed to make controlled purchases of illegal narcotics from PAIGE in hopes of receiving consideration for potential criminal liability relating to the distribution of heroin. CI has a criminal history that consists of: a possession of heroin, domestic assault, unlawful tresspass, violation of probation, impeding a public officer, disorderly conduct (fight), tranportation of alcohol into a detention center, and a cocaine sale. However, as it relates to the current investigation, I believe that CI is providing accurate and truthful information because the information that CI has provided about PAIGE inculpates the CI and has been corroborated by another witness, controlled purchases of narcotics from PAIGE, and law enforcement surveillance, some of which I have participated in.

5. During the evening hours of January 25, 2016, the CI advised me and Trooper Loyzelle (SVDTF) that the CI could buy heroin from Jaiden PAIGE. At approximately 7:00 PM, the CI placed a recorded call to a phone which the CI advised was PAIGE's cell phone. I observed this call. During this call, the CI can be heard speaking with a man, and the CI asked to "holla at" the man. The CI advised me that based on the CI's previous dealings with PAIGE, the CI would not discuss quantity over the telephone; the CI would just ask to meet, so the CI could purchase a quantity of heroin. The CI also advised the normal quantity would be a bundle (10 dosage units),

and by asking to meet with PAIGE, the CI was advising PAIGE that the CI wanted to purchase heroin. During the recorded call PAIGE agreed to meet the CI at a pre-arranged meet site to provide the CI heroin. After this call, the CI confirmed to me that the CI believed the man the CI was speaking with was PAIGE.

6. PAIGE is well-known to law enforcement in the Rutland area based on numerous interactions with law enforcement, including recent charges relating to domestic assault, and a previous conviction under a previous name (Danny Coombs)[1] for the sale of cocaine in case no. 1:05-CR-72 in this Court.

7. Before the meeting arranged by the above-referenced telephone contact with PAIGE, the CI was searched and no contraband was found. The CI had $350 which was held by me until the completion of the controlled purchase. The CI was then supplied with a transmitter, a recording device, and a quantity of serialized task force funds in order to consummate the transaction.

8. The CI was dropped off at a pre-arranged location to wait for PAIGE's arrival. The CI was kept under constant surveillance while waiting for

---

[1] Law enforcement records for Danny Coombs and Jaiden Paige reflect the same identifying information. Further, law enforcement agents know Jaiden Paige to have previously used the name Danny Coombs.

PAIGE to arrive. The CI made approximately 3 telephone calls to the phone number associated with PAIGE (as described above, and confirmed by later examination of the CI's cell phone call history) while waiting for PAIGE to arrive at the meet site. The CI later advised me that PAIGE expressed concern that he was being followed by the police. The CI further advised me that the CI inquired as to why PAIGE felt he was being followed, and PAIGE advised that he thought he was being followed by an unknown truck that he believed to be law enforcement.

9. PAIGE was observed by law enforcement arriving at the pre-arranged meet site in a Red Ford pick-up truck, Vermont license plate 255A718 (registered to PAIGE, per DMV records), and telephonically contacted the CI with the phone that had been called by the CI to contact him earlier (confirmed by examination of the CI's cell phone), and advised the CI that PAIGE was at the meet site. I saw the CI approach and get into the back passenger side of PAIGE's pickup. Also in the vehicle was PAIGE's girlfriend, Jennifer WEBSTER. When the CI entered the vehicle, PAIGE greeted the CI and reached into the back seat and provided the CI with a package containing suspected heroin. During the debrief of the CI, the CI advised me that during the meeting with PAIGE, PAIGE again stated that he felt as though he was being followed by the police and that he was "very freaked out."

PAIGE drove the CI around the block and dropped the CI off in the vicinity of the meet site. PAIGE's vehicle was kept under surveillance while the CI was in the vehicle.

10. Upon exiting PAIGE's vehicle the CI walked to a pre-arranged meet site and was kept under surveillance until the CI entered the investigating agents' vehicle. Upon entering the investigating agents' vehicle the CI surrendered to me a package that contained suspected heroin. A small portion of that package was field tested and it tested positive for the presence of heroin. The CI was searched and no money or contraband were found.

11. During the debrief of the CI the CI advised me that the CI received the heroin directly from PAIGE. The CI advised that PAIGE was very concerned that law enforcement was watching him.

Dated at Burlington in the District of Vermont on this 29th day of January, 2016.

_____
CHRISTOPHER DESTITO, FBI SA

Sworn to and subscribed before me this 29th day of January, 2016.

_____
JOHN M. CONROY
UNITED STATES MAGISTRATE JUDGE