UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

UNITED STATES OF AMERICA,

    v.                                            Docket No. 2:16-cr-19

JAIDEN PAIGE,
        Defendant.

OPPOSITION TO MOTION FOR REVIEW OF DETENTION ORDER

      The United States of America opposes defendant Jaiden Paige's Motion for Review of Detention. The Motion offers no basis for reconsideration the Court's initial grant of the United States' Detention Motion and, since that ruling, the Grand Jury returned an indictment charging Paige with a drug felony carrying a maximum sentence of 20 years, thus triggering a rebuttable presumption in favor of detention pursuant to 18 U.S.C. § 3142(e)(3)(A). Accordingly, the case in favor of detention is greater at this time as it was when the Court initially granted the United States' detention motion.

      As a threshold matter, the Motion offers no basis for reconsideration of the Court's previous decision. It is well settled that a determination under the Bail Reform Act should not be reconsidered unless "information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2)(B). "New and material information for Section 3142(f)(2)(B) purposes consists of something other than a defendant's own evaluation of his character or the strength of the case against him: truly changed circumstances, something unexpected, or a significant event." *United States v. Trinidad-Rivera,* 2012 WL 4033373, at *2

(Sept. 12, 2012, W.D. N.Y). And where evidence was available at the time of the initial hearing, the detention hearing will not be reopened. *Id.* (citing *United States v. Dillon*, 938 F.2d 1412, 1415 (1st Cir. 1991)). In *Dillon* the First Circuit affirmed the decision not to reopen the detention hearing when the defendant had, as has Paige, obtained new counsel, and that new attorney submitted 18 affidavits and seven letters all asserting the defendant did not pose a danger or risk of non-appearance. *Dillon*, 938 F.2d at 1415; *see also United States v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989) (testimony of friends and family about the defendant's prior court appearances is not the sort of new evidence to justify reconsideration of a detention ruling). In *Hare* and *Dillon* the defendants sought to present information not previously supplied to the court, and this was not sufficient for reconsideration. Here, Paige's offers no suggestion that he possesses new information, other than a desire for "the opportunity to present further argument and evidence in support of his release on conditions." Mot. at 2.[1]

If, contrary to this precedent, the Court chooses to re-open the detention hearing, there is no reason to disturb the detention determination. As previously argued, Jaiden Paige should be detained because the factors outlined in the bail reform act indicate that no set of conditions can protect the safety of the community or his continued appearance. His criminal history includes a 1997 armed robbery felony conviction from New York (three to six year sentence), a 2004 Vermont conviction for aiding in the commission of a felony for which he was sentenced to 6 to 8 months, as well as a 2005 conviction for cocaine distribution in this Court (case no. 1:5-cr-72 (under his previous name, Danny Coombs)) for which he received a 30 month sentence followed

---

[1] The United States does not construe the Motion for Review as one seeking revocation or amendment pursuant to 18 U.S.C. § 3145. The Motion does not cite that statute. If it were such a motion, it would appropriately be herd by a judge "having original jurisdiction over the offense," rather than the Magistrate Judge who issued the original detention decision. *Id.* That the defendant has not raised any objection with this matter being referred to the Magistrate Judge appears to confirm the accuracy of this interpretation.

by four years of supervised release.  In 2007 he violated the terms of supervised release, and was then sentenced to 6 months incarceration with no further supervision.

The evidence against him in the instant prosecution is also significant.   It includes a controlled purchase of heroin and, at the time of his arrest, he was in possession of approximately 5 grams of unpackaged heroin, and an additional approximately half an ounce of heroin was found inside his residence in a safe along with currency.

And there is no dispute with regard to the seriousness of the offense Paige is charged with:  heroin distribution.

For a person with Paige's criminal history – including previously violating conditions imposed by this Court – to have engaged in such conduct shows that it would be unreasonable to conclude conditions of release could be fashioned to protect the public or to assure his continued appearance.

Dated at Burlington, in the District of Vermont, May 13, 2016.

        Respectfully submitted,

        UNITED STATES OF AMERICA

        ERIC S. MILLER
        United States Attorney

By:    */s/ Michael P. Drescher*
        Michael P. Drescher
        Assistant U.S. Attorney
        P.O. Box 570
        Burlington, VT 05402-0570
        (802) 951-6725
        Michael.Drescher@usdoj.gov

**Certificate of Service**

I hereby certify that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system on May 13, 2016, and the CM/ECF system will provide service of such filing via Notice of Electronic Filing (NEF) to the following NEF parties: Lamar Enzor, Esq., Counsel for Defendant.

Dated at Burlington, in the District of Vermont, May 13, 2016.

/s/ Michael P. Drescher
Michael P. Drescher
Assistant U.S. Attorney
P.O. Box 570
Burlington, VT 05402-0570
(802) 951-6725
Michael.Drescher@usdoj.gov