UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

UNITED STATES OF AMERICA,

v.

Docket No. 2:16-cr-19

JAIDEN PAIGE,
    Defendant.

## OPPOSITION TO MOTION FOR RECONSIDERATION OF DETENTION ORDER

The United States of America opposes defendant Jaiden Paige's Motion for

Reconsideration of Order for Detention (document 61).   On April 29, Paige

previously moved to reconsider the Court's detention ruling (document 31).  That

motion to reconsider was denied on May 18, following a hearing.  The instant

Motion seeks reconsideration of the Court's May 18 ruling.

In considering a motion to reconsider, this Court has explained:

> "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that ... might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995). A defendant may "obtain relief only when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust,* 729 F.3d 99, 108 (2d Cir. 2013) (internal quotation marks omitted).

*United States v. Caraballo*, No. 5:12-CR-105, 2014 WL 3535348, at *4 (D. Vt. July 16, 2014); *see also United States v. Davis*, No. 5:12-cr-71, slip op. at 3 (Dec. 5, 2014).

In the context of pretrial detention it is well-settled that a determination under the Bail Reform Act should not be reconsidered unless "information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."  18 U.S.C. § 3142(f)(2)(B).   "New and material information for Section 3142(f)(2)(B) purposes consists of something other than a defendant's own evaluation of his character or the strength of the case against him:  truly changed circumstances, something unexpected, or a significant event."  *United States v. Trinidad-Rivera,* 2012 WL 4033373, at *2 (Sept. 12, 2012, W.D. N.Y). And where evidence was available at the time of the initial hearing, the detention hearing will not be reopened.  *Id.* (citing *United States v. Dillon*, 938 F.2d 1412, 1415 (1st Cir. 1991)).  In *Dillon* the First Circuit affirmed the decision not to reopen the detention hearing when the defendant had, as has Paige, obtained new counsel, and that new attorney submitted 18 affidavits and seven letters all asserting the defendant did not pose a danger or risk of non-appearance.  *Dillon*, 938 F.2d at 1415; *see also United States v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989)

(testimony of friends and family about the defendant's prior court appearances is not the sort of new evidence to justify reconsideration of a detention ruling).  In *Hare* and *Dillon* the defendants sought to present information not previously supplied to the court, and this was not sufficient for reconsideration.  Here, Paige's offers no suggestion that he possesses new information, other than a desire for "the opportunity to present further argument and evidence in support of his release on conditions."  Mot. at 2.

Paige's instant Motion makes no effort to point to an intervening change in law or new evidence to warrant reconsideration.

To the extent circumstances have changes since this Court's May 18 detention ruling, they weigh even more heavily in favor of detention.  On July 6, 2016, the Grand Jury returned a Superseding Indictment charging Paige with additional counts relating to heroin distribution.  Count One of the Superseding Indictment contains a quantity allegation that will trigger a five year mandatory minimum sentence should there be a conviction.

Accordingly, the nature and seriousness of the charges against Paige have increased since the Court last considered Paige's pre-trial status.  The case in favor of detention is therefore greater at this time than it was when the Court initially granted the United States' detention motion.

If the Court chooses to re-open the detention hearing, there is no reason to disturb the previous detention determination. As previously argued, Jaiden Paige should be detained because the factors outlined in the bail reform act indicate that no set of conditions can protect the safety of the community or his continued appearance. His criminal history includes a 1997 armed robbery felony conviction from New York (three to six year sentence), a 2004 Vermont conviction for aiding in the commission of a felony for which he was sentenced to 6 to 8 months, as well as a 2005 conviction for cocaine distribution in this Court (case no. 1:5-cr-72 (under his previous name, Danny Coombs)) for which he received a 30 month sentence followed by four years of supervised release. In 2007 he violated the terms of supervised release, and was then sentenced to 6 months incarceration with no further supervision.

The evidence against him in the instant prosecution is also significant. It includes a controlled purchase of heroin and, at the time of his arrest, he was in possession of approximately 5 grams of unpackaged heroin, and an additional approximately half an ounce of heroin was found inside his residence in a safe along with currency. As defense counsel is aware, the Government's witness list against Paige is also growing.

For a person with Paige's criminal history – including previously violating conditions imposed by this Court – now facing a mandatory minimum sentence

upon conviction, it would be unreasonable to conclude conditions of release could

be fashioned to protect the public or to assure his continued appearance.

Dated at Burlington, in the District of Vermont, August 22, 2016.

Respectfully submitted,

UNITED STATES OF AMERICA

ERIC S. MILLER
United States Attorney

By:      /s/ Michael P. Drescher
         Michael P. Drescher
         Assistant U.S. Attorney
         P.O. Box 570
         Burlington, VT 05402-0570
         (802) 951-6725
         Michael.Drescher@usdoj.gov

## **Certificate of Service**

I hereby certify that a true and correct copy of the foregoing was

electronically filed with the Clerk of the Court using the CM/ECF system on

August 22, 2016, and the CM/ECF system will provide service of such filing via

Notice of Electronic Filing (NEF) to the following NEF parties:

Lamar Enzor, Esq., Counsel for Defendant.

Dated at Burlington, in the District of Vermont, August 22, 2016

/s/ Michael P. Drescher
Michael P. Drescher
Assistant U.S. Attorney
P.O. Box 570
Burlington, VT 05402-0570
(802) 951-6725
Michael.Drescher@usdoj.gov